## CONNOR v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 11, 1923.)

No. 4095.

Indictment and information ⬤99—Date may be fixed by reference to another count.

It is permissible to fix a date in one count of an indictment by reference to another count.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Criminal prosecution by the United States against A. B. Connor. Judgment of conviction, and defendant brings error. Affirmed.

David S. Atkinson, of Savannah, Ga., for plaintiff in error.

Chas. E. Donnelly, Asst. U. S. Atty., of Savannah, Ga. (F. G. Boatright, U. S. Atty., of Cordele, Ga., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. This is an indictment in two counts. The first count charges the unlawful possession, on January 18, 1923, of intoxicating liquor. For the purpose of affecting the punishment, it also alleges the dates of two prior convictions of the plaintiff in error. The

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

second count charges the unlawful sale of intoxicating liquor "at the time and place" alleged in the first count. Plaintiff in error was convicted under the second count. Failure to allege a date in the second count is the sole error assigned.

It is permissible to refer to other parts of an indictment, and from one count to another, to fix a date. 22 C. J. 318, 366. The reference in the second count is clearly to the date alleged in the first count which charged the unlawful possession for which the plaintiff in error was being prosecuted, and not to the dates involved in the former prosecutions and convictions. However, all dates mentioned were within the statute of limitations.

The judgment is affirmed.